IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AQUARIUS BOAT CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H – 04 – 0306 |
| | § | |
| UNITED STATES COAST GUARD, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case involves a civil fine assessed against Plaintiff Aquarius Boat Corporation by Defendant United States Coast Guard for failure to maintain a full complement of crew members aboard its vessel OSV BARABBAS ("BARABBAS") on December 20, 2000.  Aquarius challenges the fine, claiming that the Coast Guard's decision to impose it was arbitrary and capricious.  The Coast Guard has moved for summary judgment.  Having considered the parties' filings and oral arguments, the Court **GRANTS** Defendant's motion for summary judgment.

## I.   BACKGROUND

The facts of this case are not disputed.  On December 20, 2000, officers of the Coast Guard boarded the BARABBAS and determined that Michael A. Sherman, who was acting as master of the vessel,[1] did not possess a valid master's license.  The Coast Guard held an administrative hearing and determined that Aquarius's failure to ensure that a licensed master was aboard the vessel violated 46 U.S.C. § 8101(g), which requires licensure of all masters, and

---

[1] Though there appears to be some disagreement regarding whether Sherman acted as master for the entire voyage, Aquarius does not deny that his signature appears in the vessel's log as that of the vessel's master for the periods between September 1 and September 10, 2000 (*see* Administrative Record, hereinafter "R.," at 47-56) and between December 10 and December 19, 2000 (*see* R. at 64-73).

46 U.S.C. § 3313, which requires compliance with a vessel's Certificate of Inspection (COI).[2] The hearing officer assessed a fine of $8,000.

Aquarius appealed, conceding that Sherman did not have a valid master's license but arguing that Aquarius should not be held liable for Sherman's action because he had misled Aquarius about the status of his license. Aquarius also argued during the administrative appeal that another member of the BARABBAS's crew, George Furtado, did possess a valid master's license, thereby fulfilling the statutory and COI requirements that a licensed master be on board during all voyages. Aquarius failed, however, to provide the Coast Guard hearing officer with any proof that Mr. Furtado in fact possessed a master's license or was aboard the BARABBAS on the day in question. Aquarius has offered proof of Furtado's master's license for the first time in this court. *See* Exhibit 1 to Plaintiff's Response to Defendant's Motion for Summary Judgment. However, this Court's review is limited to the record that was before the administrative agency when it made its decision. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [of an agency action] should be the administrative record already in existence, not some new record made initially in the reviewing court."). Apparently taking into consideration Aquarius's lack of knowledge of Sherman's invalid license or intent to violate the statute, the reviewing officer upheld the imposition of the fine but reduced it to $4,000. Aquarius then filed this suit, arguing that the Coast Guard's decision should be reversed. The Coast Guard has now moved for summary judgment.

---

[2] The BARABBAS's COI states that at least one master and two deckhands must be on board whenever the vessel is away from a shore-side dock or has passengers aboard. (*See* R. at 36.)

II.      **ANALYSIS**

A.      **Summary Judgment Standard**

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  *See* FED. R. CIV. P. 56(c).  "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).  This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Id.*

B.      **Standard of Review of Administrative Rulings**

The federal courts have the power to review final actions by administrative agencies.  5 U.S.C. § 704.  But such review is highly deferential; the Court will reverse the agency's decision only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id.* § 706(2)(A); *see also Woods v. United States Dep't of Transp.*, 681 F.2d 988, 990 (5th Cir. 1982) ("Our review of this [Coast Guard] decision is limited . . . to determining whether the agency substantially complied with its statutory and regulatory procedures, whether its factual determinations were supported by substantial evidence, and whether its action was arbitrary, capricious, or an abuse of discretion.").

### C.    Evaluation of the Administrative Decision

As noted above, the facts of this case are undisputed.  Aquarius does not deny that Sherman served as master for at least part of the voyage that terminated on December 20, 2000, when Sherman was apprehended by the Coast Guard.[3]  Rather, Aquarius argues that the Coast Guard acted unjustly in assessing a fine against Aquarius, an innocent victim of Sherman's fraud. The Coast Guard, for its part, does not contend that Aquarius knew that Sherman lacked a master's license.  The Coast Guard's position is simply that the applicable statutes do not require knowledge or intent before violations may be found and fines levied.

The Coast Guard is correct.  Neither statute implicated here provides that knowledge or intent is a necessary element of a violation, and the licensure provision authorizes the assessment of a "civil penalty" of up to $10,000 per day against any person who employs an unlicensed master.  46 U.S.C. § 8101(g).  It appears that Congress intended to allocate the burden of inquiry in these circumstances to vessel owners, in order to provide an incentive for those owners to ensure that their employees are properly licensed.  Despite Aquarius's apparent good-faith effort to ensure that its employees possessed the required licenses, the law is clear: Aquarius is liable for the violation of Coast Guard regulations that occurred when it employed an unlicensed master. Because the Coast Guard's decision to that effect was neither arbitrary nor capricious and was based upon substantial evidence, and because no genuine issue of material fact remains for trial, Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

---

[3] Aquarius also has produced no evidence that at least three crew members were aboard the BARABBAS on December 20, 2000, as required by the COI.  As the Coast Guard pointed out during oral argument, an individual (here, Furtado) cannot act as both master and deckhand simultaneously; to hold otherwise would be to eviscerate the requirement that a vessel comply with the terms of its COI.  In any event, Sherman's signature as master in the vessel's log belies any claim that Furtado was acting in that capacity.

**SIGNED** at Houston, Texas, on this the 31st day of August, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**